IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JEROME BLIGE, MARSHELL BERNICE LEE, and THE ESTATE OF SAUDI ARAI LEE, | |
| *Plaintiffs*, | Civil Action No: 4:24-cv-00131-RSB-CLR |
| v. | |
| ERNEST FERGUSON, In His Individual Capacity; JOHN DOE OFFICER In His Individual Capacity and CITY OF SAVANNAH, | |
| *Defendants*. | |

## ANSWER OF DEFENDANT ERNEST FERGUSON

COMES NOW, Defendant Ernest Ferguson (hereinafter "Defendant" or "Defendant Ferguson"), by and through counsel, and answers Plaintiffs' Complaint, showing the Court as follows:

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Some or all of the Defendants are entitled to official immunity from suit for some or all of the claims alleged in the Plaintiffs' Complaint.

-1-

SECOND DEFENSE

Some or all of the claims of the claims in the Plaintiffs' Complaint are barred by the doctrine of qualified immunity.

THIRD DEFENSE

Defendants did not deprive Plaintiffs nor Plaintiffs' decedent of any rights guaranteed to them or him by the Constitution or laws of the United States or the State of Georgia.

FOURTH DEFENSE

There is no basis for any award of attorney's fees for the prosecution of this action against these defendants.

FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

SIXTH DEFENSE

Plaintiffs' claims are barred by Plaintiffs' decedent's own conduct which was the cause in fact and proximate cause of his alleged injury and damages.

<u>SEVENTH DEFENSE</u>

At all times pertinent to this suit, former Savannah Police Officer Ernest Fergson exercised true discretion conferred upon him by law and acted in the good faith execution of his official duties and upon true reasonable belief that his actions were appropriate and necessary. Therefore, Ernest Fergson is immune from Plaintiffs' claims.

<u>EIGHTH DEFENSE</u>

Some or all of Plaintiffs lack standing to bring the claims asserted.

<u>NINTH DEFENSE</u>

Defendant Ferguson challenges the capacity of the named Plaintiffs to bring this action by specific negative averment until such time as the standing and capacity of the named Plaintiffs can be conclusively verified through discovery.

<u>TENTH DEFENSE</u>

Defendant Ferguson responds to the enumerated allegations of Plaintiffs' Complaint, *seriatim* as follows:

**<u>JURISDICTION</u>**

1.

Defendant Ferguson admits this claim arises under 42 U.S.C. § 1983 for

violations of the Fourth and Fourteenth Amendments to the Constitution of the United States and for violations of Georgia law, but Defendant Ferguson denies he violated the Amendments to the Constitution of the United States or Georgia law.

2.

Defendant Ferguson admits the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

## VENUE

3.

Defendant Ferguson admits the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

## PARTIES

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiffs' Complaint and, therefore, denies same.

5.

The allegations contained in Paragraph 5 of Plaintiffs' Complaint are denied as plead. By way of further answer, the Mayor and Aldermen of the City of

Savannah is a corporate body, organized and established as a municipality by the laws of the State of Georgia and is subject to suit.

6.

Defendant Ferguson admits the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.

Defendant Ferguson admits the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Complaint and, therefore, denies same.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Complaint and, therefore, denies same.

10.

Defendant Ferguson admits the allegations contained in Paragraph 10 of

Plaintiffs' Complaint.

11.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' Complaint and, therefore, denies same.

12.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint and, therefore, denies same.

13.

Defendant Ferguson denies the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.

Defendant Ferguson admits the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.

Defendant Ferguson denies the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 16 of Plaintiffs' Complaint.  Defendant Ferguson denies the allegations contained in the second sentence of Paragraph 16 of Plaintiffs' Complaint.

17.

Defendant Ferguson denies the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.

Defendant Ferguson denies the allegations contained in the first sentence of Paragraph 18 of Plaintiffs' Complaint. Defendant Ferguson admits the allegations contained in the second sentence of Paragraph 18 of Plaintiffs' Complaint. Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 18 of Plaintiffs' Complaint and therefore denies same.

19.

Defendant Ferguson admits the allegations contained in Paragraph 19 of Plaintiffs' Complaint. By way of further answer, the entire incident/situation took

place within a very short time.

20.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiffs' Complaint and, therefore, denies same.

21.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiffs' Complaint and, therefore, denies same.

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23.

The allegations contained in Paragraph 23 of Plaintiffs' Complaint are denied as plead.  By way of further answer, Defendant Ferguson admits that at some point Mr. Lee was on his back, was bleeding from the gunshot wound and his shirt was bloody.

24.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 24 of Plaintiffs' Complaint and, therefore, denies same. Defendant admits the allegations contained in the second sentence of Paragraph 24 of Plaintiffs' Complaint.

25.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiffs' Complaint and, therefore, denies same.

26.

Defendant Ferguson denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiffs' Complaint and, therefore, denies same.

28.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiffs' Complaint and, therefore, denies same.

29.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiffs' Complaint and, therefore, denies same.

30.

Defendant Ferguson shows that everything contained in Paragraph 30 is a legal conclusion asserted by Plaintiffs' counsel.  To the extent an answer is required to this incomplete statement of law, the assertions are denied.

31.

Defendant Ferguson denies the allegations contained in Paragraph 31 of Plaintiffs' Complaint and, therefore, denies same.

32.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, including all subparagraphs

of Plaintiffs' Complaint and, therefore, denies same.

33.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiffs' Complaint and, therefore, denies same.

34.

Defendant Ferguson admits the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35.

Defendant Ferguson admits the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36.

Defendant Ferguson admits the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37.

Defendant Ferguson admits that he moved to Fayetteville, NC and worked in a restaurant and a retail store between July 2019 and December 2019. Defendant Ferguson is without sufficient information so as to admit or deny the number of

months he worked in the restaurant and the retail store.  To the extent an answer is required, it is denied.

38.

Defendant Ferguson admits the allegations contained in Paragraph 38 of Plaintiffs' Complaint and, therefore, denies same.

39.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiffs' Complaint and, therefore, denies same.

40.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiffs' Complaint and, therefore, denies same.

41.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiffs' Complaint and, therefore, denies same.

42.

Defendant Ferguson denies the allegations contained in the first sentence of Paragraph 42 of Plaintiffs' Complaint. Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second paragraph of Paragraph 42 of Plaintiffs' Complaint.

43.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiffs' Complaint and, therefore, denies same.

44.

Defendant Ferguson denies the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiffs' Complaint because he does not recall whether the quoted language in Paragraph 45 of Plaintiffs' Complaint is accurate, and he did not retain the letter nor does he possess a copy of same.

46.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47.

Defendant Ferguson denies the allegations contained in the first, second and third sentences of Paragraph 47 of Plaintiffs' Complaint. Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of Paragraph 47 of Plaintiffs' Complaint.

48.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

49.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

50.

Defendant Ferguson admits he resigned from Coastal on March 3, 2021, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51.

Defendant Ferguson admits the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

52.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

53.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of Plaintiffs' Complaint.

54.

Defendant Ferguson admits the allegations contained in Paragraph 54 of Plaintiffs' Complaint.

55.

Defendant Ferguson denies the allegations contained in the first and second sentences of Paragraph 55 of Plaintiffs' Complaint.  Defendant Ferguson admits the allegations contained in the third sentence of Paragraph 55 of Plaintiffs' Complaint.

56.

Defendant Ferguson admits the allegations contained in Paragraph 56 of Plaintiffs' Complaint.

57.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58.

Defendant Ferguson denies the allegations contained in the first sentence of Paragraph 58 of Plaintiffs' Complaint.  Defendant Ferguson admits that a lieutenant arrived and instructed Ferguson to leave.  The remaining allegations contained in Paragraph 58 of Plaintiffs' Complaint are denied.

59.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

60.

Defendant Ferguson denies the allegations contained in the first sentence of Paragraph 60 of Plaintiffs' Complaint.  Defendant Ferguson admits the allegations contained in the second sentence of Paragraph 60 of Plaintiffs' Complaint. Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 60 of Plaintiffs' Complaint.  Defendant Ferguson admits he was returned to patrol of the Carver Village neighborhood shortly before the death of Mr. Lee.

61.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of Plaintiffs' Complaint.

62.

Defendant Ferguson admits the allegations contained in the first sentence of

Paragraph 62 of Plaintiffs' Complaint. Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 62 of Plaintiffs' Complaint.

63.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of Plaintiffs' Complaint.

64.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of Plaintiffs' Complaint.

65.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 65 of Plaintiffs' Complaint. Defendant Ferguson denies the remaining allegations of Paragraph 65 of Plaintiffs' Complaint.

66.

Defendant Ferguson denies the allegations contained in the first sentence of

Paragraph 66 of Plaintiffs' Complaint.  Defendant Ferguson admits the allegations contained in the second sentence of Paragraph 66 of Plaintiffs' Complaint.

67.

Defendant Ferguson admits the allegations contained in the first and second sentences of Paragraph 67 of Plaintiffs' Complaint.  Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 67 of Plaintiffs' Complaint.  Defendant Ferguson admits the allegations contained in the fourth, fifth and sixth sentences of Paragraph 67 of Plaintiffs' Complaint.

68.

Defendant Ferguson admits that he was separated from employment from the SPD in October 2022 for the conduct related to the drunk driving arrest.  The remaining allegations contained in Paragraph 68 of Plaintiffs' Complaint are denied.

69.

Defendant Ferguson admits the allegations contained in Paragraph 69 of Plaintiffs' Complaint.

70.

Defendant Ferguson admits the allegations contained in the first sentence of

Paragraph 70 of Plaintiffs' Complaint.  Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 67 of Plaintiffs' Complaint.

71.

Defendant admits the allegations contained in Paragraph 71 of Plaintiffs' Complaint.

72.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of Plaintiffs' Complaint.

73.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of Plaintiffs' Complaint.

74.

Defendant denies the allegations contained in Paragraph 74 of Plaintiffs' Complaint.

75.

Defendant denies the allegations contained in Paragraph 75 of Plaintiffs' Complaint.

76.

Defendant denies the allegations contained in Paragraph 76 of Plaintiffs' Complaint.

77.

Defendant denies the allegations contained in Paragraph 77 of Plaintiffs' Complaint.

78.

Defendant denies the allegations contained in Paragraph 78 of Plaintiffs' Complaint.

79.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of Plaintiffs' Complaint.

80.

Defendant Ferguson is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 80 of Plaintiffs' Complaint.

81.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of Plaintiffs' Complaint.

82.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of Plaintiffs' Complaint.

83.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of Plaintiffs' Complaint.

## CAUSES OF ACTION
### Count I
### *Excessive Force Under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 Against Officer Ferguson*

84.

Defendant denies the allegations contained in Paragraph 84 of Plaintiffs'

-22-

Complaint.

85.

Defendant denies the allegations contained in Paragraph 85 of Plaintiffs' Complaint.

86.

Defendant denies the allegations contained in Paragraph 86 of Plaintiffs' Complaint.

87.

Defendant denies the allegations contained in Paragraph 87 of Plaintiffs' Complaint.

88.

Defendant denies the allegations contained in Paragraph 88 of Plaintiffs' Complaint.

## Count II

### *Deliberate Indifference to Medical Needs Under 42 U.S.C. § 1983 Against Ferguson and Doe*

89.

Defendant admits the allegations contained in Paragraph 89 of Plaintiffs' Complaint.

90.

Defendant admits the allegations contained in Paragraph 90 of Plaintiffs' Complaint.

91.

Defendant denies the allegations contained in Paragraph 91 of Plaintiffs' Complaint.

92.

Defendant admits the allegations contained in Paragraph 92 of Plaintiffs' Complaint.

93.

Defendant admits the allegations contained in Paragraph 93 of Plaintiffs' Complaint.

94.

Defendant denies the allegations contained in Paragraph 94 of Plaintiffs' Complaint.

95.

Defendant admits the allegations contained in Paragraph 95 of Plaintiffs' Complaint.

96.

Defendant denies the allegations contained in Paragraph 96 of Plaintiffs' Complaint.

97.

Defendant Ferguson shows that everything contained in Paragraph 97 is a legal conclusion asserted by Plaintiffs' counsel.  To the extent an answer is required to this incomplete statement of law, Defendant denies he breached any duty to render medical aid to Mr. Lee.

### Count III

***Municipal Liability Under 42 U.S.C. § 1983***
***Negligent Hiring and Retention by the City***

98.

Defendant Ferguson shows that everything contained in Paragraph 98 is a legal conclusion asserted by Plaintiffs' counsel.  To the extent an answer is required to this incomplete statement of law, the assertions are denied.

99.

Defendant Ferguson reasserts his responses to Paragraphs 34 through 65 above.

100.

Defendant denies the allegations contained in Paragraph 100 of Plaintiffs' Complaint.

101.

Defendant denies the allegations contained in Paragraph 101 of Plaintiffs' Complaint.

102.

Defendant denies the allegations contained in Paragraph 102 of Plaintiffs' Complaint.

103.

Defendant denies the allegations contained in Paragraph 103 of Plaintiffs' Complaint.

104.

Defendant denies the allegations contained in Paragraph 104 of Plaintiffs' Complaint.

105.

Defendant denies the allegations contained in Paragraph 105 of Plaintiffs' Complaint.

106.

Defendant denies the allegations contained in Paragraph 106 of Plaintiffs'
Complaint.

## Count IV

### *Municipal Liability Under 42 U.S.C. § 1983*
### *Failure to Train and Supervise Against The City of Savannah*

107.

Defendant denies the allegations contained in Paragraph 107 of Plaintiffs'
Complaint.

108.

Defendant Ferguson is without knowledge or information sufficient to form a
belief as to the truth of the allegations contained in Paragraph 108 of Plaintiffs'
Complaint.

109.

Defendant denies the allegations contained in Paragraph 109 of Plaintiffs'
Complaint.

110.

Defendant denies the allegations contained in Paragraph 110 of Plaintiffs'
Complaint.

111.

Defendant Ferguson shows that everything contained in Paragraph 111 is a legal conclusion asserted by Plaintiffs' counsel.  To the extent an answer is required to this incomplete statement of law, the assertions are denied.

112.

Defendant denies the allegations contained in Paragraph 112 of Plaintiffs' Complaint.

113.

Defendant denies the allegations contained in Paragraph 113 of Plaintiffs' Complaint.

114.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of Plaintiffs' Complaint.

115.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of Plaintiffs' Complaint.

**Count V**

***Battery Under Ga. Code § 51-1-13 and The Constitution of the State of Georgia Against Officer Ferguson***

116.

Defendant Ferguson shows that everything contained in Paragraph 116 is a legal conclusion asserted by Plaintiffs' counsel.  To the extent an answer is required to this incomplete statement of law, the assertions are denied.

117.

Defendant denies the allegations contained in Paragraph 117 of Plaintiffs' Complaint.

118.

Defendant denies the allegations contained in Paragraph 118 of Plaintiffs' Complaint.

119.

Defendant denies the allegations contained in Paragraph 119 of Plaintiffs' Complaint.

120.

Defendant denies the allegations contained in Paragraph 120 of Plaintiffs' Complaint.

-29-

121.

Defendant denies the allegations contained in Paragraph 121 of Plaintiffs'
Complaint.

## Count VI

### *Negligence Under Ga. Code § 51-1-2 Against John Doe Officer*

122.

Defendant Ferguson shows that everything contained in Paragraph 122 is a
legal conclusion asserted by Plaintiffs' counsel.  To the extent an answer is required
to this incomplete statement of law, the assertions are denied.

123.

Defendant Ferguson shows that everything contained in Paragraph 123 is a
legal conclusion asserted by Plaintiffs' counsel.  To the extent an answer is required
to this incomplete statement of law, the assertions are denied.

124.

Defendant Ferguson shows that everything contained in Paragraph 124 is a
legal conclusion asserted by Plaintiffs' counsel.  To the extent an answer is required
to this incomplete statement of law, the assertions are denied.

## Count VII

### *Wrongful Death Under Ga. Code § 51-4-1 Against Officer Ferguson and Doe*

125.

Defendant denies the allegations contained in Paragraph 125 of Plaintiffs' Complaint.

126.

Defendant denies the allegations contained in Paragraph 126 of Plaintiffs' Complaint.

127.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of Plaintiffs' Complaint.

128.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of Plaintiffs' Complaint.

## Count VIII

### *Survival Action Under Ga. Code § 9-2-41 Against Ferguson and Doe*

129.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of Plaintiffs' Complaint.

130.

Defendant denies the allegations contained in Paragraph 130 of Plaintiffs' Complaint.

131.

Defendant denies the allegations contained in Paragraph 131 of Plaintiffs' Complaint.

132.

Defendant denies the allegations contained in Paragraph 132 of Plaintiffs' Complaint.

133.

Defendant Ferguson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of Plaintiffs'

Complaint.  Defendant denies the death of Mr. Lee was wrongful.

## JURY TRIAL DEMAND

### 134.

Defendant admits Plaintiffs' request that a trial by jury be had upon all issues so triable.

### 135.

Defendant Ferguson denies any and all allegations contained in Plaintiffs' Complaint not specifically admitted above.  Defendant Ferguson further denies that Plaintiffs are entitled to any of the relief sought in the Prayer for Relief.

WHEREFORE, Defendant Ferguson prays for the following relief:

a)  That his Answer and Defenses be inquired into and sustained;

b)  That the Plaintiffs' Complaint be dismissed with prejudice and that all relief requested therein be denied;

c)  To the extent that this matter requires a trial, a trial by a jury of twelve is demanded; and

d)  For any and all relief the court deems just or proper.

This 5th day of _____August_____, 2024.

_____
Malcolm Mackenzie, III

-33-

WEINER, SHEAROUSE, WEITZ,
  GREENBERG & SHAWE, LLP
14 E. State Street
Savannah, GA 31401
(912) 233-2251
mmackenzie@wswgs.com
jcrosby@wswgs.com

Georgia Bar No.: 463950
John T. Crosby
Georgia Bar No.: 366979
*Attorneys for Ernest Ferguson*

## CERTIFICATE OF SERVICE

This is to certify that I have served all the parties in this case in accordance with the notice of electronic filing ("NEF"), which was generated as a result of electronic filing in this Court.

This 5th day of _____August_____, 2024.

_____
Malcolm Mackenzie, III
Georgia Bar No. 463950
John T. Crosby
Georgia Bar No.: 366979
*Attorneys for Ernest Ferguson*

WEINER, SHEAROUSE, WEITZ,
  GREENBERG & SHAWE, LLP
14 E. State Street
Savannah, GA 31401
(912) 233-2251
mmackenzie@wswgs.com
jcrosby@wswgs.com