IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JEROME BLIGE, MARSHELL BERNICE LEE, and the ESTATE OF SAUDI ARAI LEE, <br><br> Plaintiffs, <br><br> vs. <br><br> ERNEST FERGUSON IN HIS INDIVIDUAL CAPACITY; JOHN DOE OFFICER IN HIS INDIVIDUAL CAPACITY; CITY OF SAVANNAH, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No.: 4:24-cv-00131-RSB-CLR |

**MEMORANDUM IN SUPPORT OF THE MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH'S MOTION TO DISMISS**

NOW COMES Defendant The Mayor and Aldermen of the City of Savannah (incorrectly named herein as City of Savannah and hereafter referred to as "City of Savannah") and files this Memorandum in Support of its Motion to Dismiss pursuant to Rule 17(a) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.     INTRODUCTION**

This case arises out of an officer-involved shooting that resulted in the death of Saudi Arai Lee (sometimes referred to as the "Deceased"). The Deceased's parents, Marshell Bernice Lee and Jerome Blige, and the Estate of Saudi Lee (collectively, "Plaintiffs") have brought claims against the City of Savannah and the police officer involved in the shooting, Ernest Ferguson, under 42 U.S.C. § 1983 and Georgia state law. (*See* Doc. 1, Complaint). As will be discussed below, the Estate of Saudi Lee is not a proper party and any claims brought by the alleged estate should be

1

dismissed. In addition, the Complaint fails to allege any viable claims for relief against the City of Savannah and it should be dismissed from this case entirely.

## II.     RELEVANT ALLEGATIONS

On June 24, 2022, Saudi Lee was walking within the Carver Village neighborhood of Savannah, Georgia when he was approached by two police officers from the Savannah Police Department. (Doc. 1, ¶ 10; Ex. A, Ferguson Body Cam at 01:36). Officer Ferguson initially made contact with Mr. Lee and let him know that "everything's good[1]." (Ex A, Ferguson Body Cam at 01:35-01:40). Mr. Lee then approached Ferguson and acted as if he was going to show him his "weapon's license." (*Id.* at 01:40-01:44). As Ferguson reaches for the license, Mr. Lee unholsters a pistol from his waistband, begins to back away and states, "you're going to have to kill me[2]." (*Id.* at 01:44-01:46). Mr. Lee then runs in the direction of the second policer officer with his gun in the "low ready" position[3]. (*Id.* at 01:46-01:47). A screenshot of the body cam footage showing Mr. Lee with his gun in the "low ready" position is attached hereto as Exhibit B. As Mr. Lee moves towards the other police officer, Ferguson fires his weapon and fatally strikes Mr. Lee. (Ex. A, Ferguson Body Cam at 01:47-01:50). **WARNING: THE BODY CAM FOOTAGE IS GRAPHIC AFTER THIS POINT.** Almost immeadiately after the shooting, Ferguson and the

---

[1] The Complaint alleges that Ferguson "jumped out [of his vehicle], and barricaded himself behind his vehicle with his weapon drawn, shouting for Mr. Lee to stop." (Doc. 1, ¶ 15) This is allegation is clearly contradicted by Ferguson's body cam footage.

[2] The Complaint alleges that Mr. Lee "reached for his wallet to show Ferguson the permit, and did show Ferguson the permit and the holster where his weapon was held." (Doc. 1, ¶ 17). The Complaint further alleges that Mr. Lee's "hands were raised" at this time. (*Id.*). This is allegation is clearly contradicted by Ferguson's body cam footage.

[3] The Complaint alleges that Mr. Lee was "holding his wallet in his right hand" as he passed the second policer officer. (Doc. 1, ¶¶ 18, 20). This allegation is clearly contradicted by Ferguson's body cam footage.

other officer call for an ambulance and begin rendering first aid to Mr. Lee[4]. (*Id.* at 01:58-03:52). Ultimately, Mr. Lee succumbed to his injuries. (Doc 1, ¶ 28).

## III.  LEGAL ARGUMENTS AND CITATIONS TO AUTHORITY

### A.  Standard of Review.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted if the plaintiff fails to state a claim for which relief can be granted. Rule 8(a) of the Federal Rules of Civil Procedure requires the Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Ordinarily, courts are limited to reviewing the four corners of the complaint in ruling on a motion to dismiss, must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347 (11th Cir. 2016). "If the parties present, and the court considers, evidence outside the pleadings, the motion to dismiss generally must be converted into a motion for summary judgment." *Baker v. City of Madison*, 67 F.4th 1268, 1276 (11th Cir. 2023). The two exceptions to this conversion rule are "(1) the incorporation-by-reference doctrine and (2) judicial notice." *Id.*

---

[4] The Complaint alleges "approximately four minutes passed before either Ferguson or Doe attempted CPR or rendered any type of medical aid." (Doc. 1, ¶ 26). This allegation is clearly contradicted by Ferguson's body cam footage.

3

Under the doctrine of incorporation-by-reference, courts may consider evidence attached to a motion to dismiss without turning it into a motion for summary judgment if "(1) 'the plaintiff refers to certain documents in the complaint,' (2) those documents are 'central to the plaintiff's claim,' and (3) the documents' contents are undisputed." *Baker*, 67 F.4th at 1276. In a recent opinion, the Eleventh Circuit Court of Appeals held that the incorporation-by-reference doctrine applies to body camera footage that clearly depicts the events that are central to a plaintiff's claims even if it is not expressly referenced in the complaint. *Johnson v. City of Atlanta,* 107 F.4th 1292, 1300 (2024).

Here, there can be no dispute that Defendant Ferguson's body camera footage may be properly considered by the Court under the doctrine of incorporation-by-reference as it clearly captures the events that are central to Plaintiffs' claims – *i.e.,* the shooting incident – and its authenticity cannot reasonably be challenged. As demonstrated above, there are several instances wherein the body camera footage clearly and obviously contradicts the allegations set forth in Plaintiffs' Complaint. As a result, the U.S. Supreme Court has held that this Court must "accept the video's depiction instead of the complaint's account, and view the facts in the light depicted by the video" when considering this motion to dismiss. *Scott v. Harris*, 550 U.S. 372, 380-81 (2007).

B. **Plaintiff's *Monell* liability claim should be dismissed as Plaintiffs have not pled an underlying constitutional violation.**

In this case, Plaintiffs have brought claims under 42 U.S.C. § 1983 for use of excessive force and deliberate indifference to medical needs in violation of the Decedent's rights under the Fourth and Fourteenth Amendments. In addition, Plaintiffs have asserted *Monell* liability against the City of Savannah arising out of the alleged used of excessive force. As will be shown, the Complaint fails to allege that Decedent suffered a constitutional harm, and thus Plaintiffs' *Monell*

4

claims against the City of Savannah must also fail. *See Miller v. Harget*, 458 F.3d 1251, 1261 (11th Cir. 2006) ("Because [the plaintiff] has failed to establish that his constitutional rights were violated, he has necessarily failed to establish the City's liability.").

    i.    *Fourteenth Amendment – Excessive Force*

The Fourteenth Amendment's Due Process Clause forbids the use of excessive force against **_pretrial detainees_**. *Ireland v. Prummell*, 53 F.4th 1274, 1296 (11th Cir. 2022) (emphasis added). In this case, there are no allegations that the Deceased was a pretrial detainee at the time of the incident. Accordingly, Plaintiffs' *Monell* claims should be dismissed to the extent they are premised upon a violation of Decedent's Fourteenth Amendment rights with respect to the alleged use of excessive force. *See Graham v. Connor*, 490 U.S. 386, 388 (1989) (the use of excessive force "in the course of making an arrest, investigatory stop, or other seizure" is properly analyzed under the Fourth Amendment).

    ii.    *Fourth Amendment – Excessive Force*

A claim that law enforcement used excessive force in the course of an arrest, an investigatory stop or any other seizure of a free citizen is analyzed under the Fourth Amendment and its "reasonableness" standard. *Graham v. Connor*, 490 U.S. 386 (1989). As this Court as previously found:

> This inquiry requires courts to "slosh [their] way through the fact bound morass of 'reasonableness.'" *Scott v. Harris*, 550 U.S. 372, 383, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007). Consequently, a court must "look at the fact pattern from the perspective of a reasonable officer on the scene with knowledge of the attendant circumstances and facts, and balance the risk of bodily harm to the suspect against the gravity of the threat the officer sought to eliminate." *McCullough v. Antolini*, 559 F.3d 1201, 1206 (11th Cir. 2009); *see also Graham*, 490 U.S. at 396 (use of force must be judged "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight"). Additionally, a court must take into account that "police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 397.

5

Generally, courts do not "second-guess the decisions made by police officers in the field." *Vaughan v. Cox*, 343 F.3d 1323, 1331 (11th Cir. 2003).

*Harris v. Morris*, No. 4:18-cv-00040, 2020 U.S. Dist. LEXIS 50316 at *12 (S.D. Ga. Feb. 5, 2020).

To assist in determining reasonableness, the Eleventh Circuit has established three (3) factors that courts may consider:

> (1) has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others or that he has committed a crime involving the infliction or threatened infliction of serious physical harm; (2) reasonably believes that the use of deadly force was necessary to prevent escape; and (3) has given some warning about the possible use of deadly force, if feasible.

*Morton v. Kirkwood*, 707 F.3d 1276, 1281 (11th Cir. 2013) (internal quotations omitted). However, the Eleventh Circuit has emphasized that these facts should not be applied mechanically, nor are they prerequisites to the lawful application of deadly force. *Id.*; *Penley v. Eslinger*, 605 F.3d 843, 850 (11th Cir. 2010); *see also Scott*, 550 U.S. at 382. (explaining the elements are not "a magical on/off switch that triggers rigid preconditions whenever an officer's actions constitute 'deadly force.'"). Instead, courts must still look to the totality of the circumstances to determine whether the defendant's actions were objectively reasonable. *Morton*, 707 F.3d at 1281.

In the case, the facts and circumstances of the shooting incident demonstrate that Defendant Ferguson's use of deadly force was reasonable. The body camera footage shows the Deceased attempting to distract Ferguson by holding out his wallet and stating that he has a weapons permit. (Ex. A, Ferguson Body Cam at 01:39-01:42). Instead of showing the permit, as requested by Ferguson, the Deceased, in a matter of seconds, unholsters his gun, backs away from Ferguson with the gun in his hand, and states "you're going to have to kill me." (Ex. A, Ferguson Body Cam at 01:42-01:45). Based on this statement, and the Deceased's aggressive behavior, it would be reasonable for Ferguson to believe that the Deceased intended on engaging in a shootout with him

and his fellow police officer. This left Ferguson with a split-second decision – do nothing, which would have presented the Deceased with an opportunity to fire his gun at the officers and others standing nearby or take action to neutralize what reasonably appeared to be a genuine threat to his safety and the safety of others. This is precisely the circumstance in which this Court should refrain from second guessing the decision made by Ferguson during what was very clearly a tense, uncertain and rapidly evolving situation. *See Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 821 (11th Cir. 2010) ("[T]he law does not require officers in a tense and dangerous situation to wait until the moment a suspect uses a deadly weapon to act to stop the suspect."); *Davis v. Edwards*, 779 Fed. Appx. 691, 696 (11th Cir. 2019); *Robinson v. City of Huntsville*, 2021 U.S. Dist. LEXIS 199094 at *9-11 (N.D. Ala. Oct. 15, 2021) (reasonable use of deadly force where plaintiff shot while reaching for the handle of her firearm).

Because the body camera footage demonstrates that Ferguson's use of force was reasonable under the circumstances, Plaintiffs' *Monell* claim against the City of Savannah should be dismissed to the extent it is based on a violation of Decedent's Fourth Amendment rights.

   iii.   *Fourteenth Amendment - Deliberate Indifference to Medical Needs*

The Fourteenth Amendment requires government officials to provide medical care to individuals who have been injured during apprehension by the police. *Valderrama v. Rousseau*, 790 F.3d 1108, 1116 (11th Cir. 2015). "To prevail on a § 1983 claim alleging a violation of that right, a plaintiff 'must satisfy both an objective and a subjective inquiry.'" *Id.* (quoting *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005). The objective inquiry requires plaintiff to demonstrate an objectively serious medical need[5]. *Id.* With respect to the subjective inquiry, the

---

[5] The City of Savannah does not dispute that the Complaint adequately alleges the existence of an objectively serious medical need.

plaintiff must demonstrate that the officer was deliberately indifferent to plaintiff's serious medical needs. *Id.* "More specifically, the plaintiff must present, for each officer, evidence from which a reasonable jury could conclude that (1) the officer was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, (2) the officer actually drew that inference, (3) the officer disregarded the risk of serious harm, and (4) the officer's conduct amounted to more than gross negligence." *Valderrama*, 780 F.3d 1108 at 1116.

Defendant Ferguson's body camera footage affirmatively demonstrates that he was not deliberately indifferent to Decedent's medical needs. Within seconds after the shooting occurs, Ferguson radios dispatch to send EMS to the scene. (Ex A, Ferguson Body Cam at 01:57). Ferguson then immediately takes action to administer first aid by employing a compression bandage on Decedent's gunshot wounds and administering CPR. (Ex. A, Ferguson Body Cam at 02:00 to 07:26). As confirmed by video evidence, Ferguson clearly did not disregard Decedent's serious need for medical attention and certainly did not act in a grossly negligent manner. Accordingly, Plaintiffs have failed to state a claim for a violation of Decedent's Fourteenth Amendment rights and the underlying *Monell* claim against the City of Savannah should be dismissed.

      C.      <u>**The Estate of Saudi Lee is not a proper party and should be dismissed.**</u>

Fed. R. Civ. P. 17(a) states that "[a]n action must be prosecuted in the name of the real party in interest." In cases involving a death resulting from an alleged constitutional violation, the court looks to state law to determine who has standing to bring claims under 42 U.S.C § 1983. *Carringer v. Rodgers*, 331 F.3d 844, 849 (11th Cir. 2003). Under Georgia law, two statutes pertain "to the survival of a tort claim after death—a survival statute and a wrongful death statute." *Id.* Under Georgia's survival statute, the right of the injured party to recover under 42 U.S.C. § 1983

8

does not terminate if the violation leads to their death. *Kendrick v. Talton*, 2023 U.S. Dist. LEXIS 226073 at *3 (M.D. Ga. Dec. 19, 2023). Instead, the claim may still be brought by the personal representative[6] of the decedent's estate who may seek to recover for pain and suffering, economic damages and punitive damages[7]. *See* O.C.G.A. § 9-2-41; *see also Williams v. T-S Mfg. Co. Automation & Elecs. USA Ltd.*, No. 2:24-046, 2024 U.S. Dist. LEXIS 121077 (S.D. Ga. July 10, 2024) ("[A] decedent's torts may be pursued by the estate's personal representative, but not by heirs or devisees under a will.") (citations omitted).

Here, Plaintiffs attempt to improperly intertwine the claims and damages available to the Decedent's parents and the Decedent's estate. To the extent Plaintiffs Jerome Blige and Marshell Lee are the proper parties to bring a wrongful death claim, their available damages under both Georgia law and 42 U.S.C. § 1983 are limited to the full value of Decedent's life. They are not entitled to seek damages for the Decedent's pain and suffering, medical expenses, funeral expenses and/or punitive damages. Presumably in recognition of this fact, the Complaint names the "Estate of Saudi Arai Lee" as a plaintiff to pursue such damages under Georgia's survival statute and other alleged state law torts. However, Plaintiffs admit that there is no personal representative for Mr. Lee's estate at this time who has standing bring such claims. (Doc. 1, ¶ 4). Accordingly, the "Estate of Saudi Lee" is not a proper party to this lawsuit and should be dismissed from this action. *See* Fed. R. Civ. P. 17(a).

---

[6] Georgia defines "personal representative" as "an executor, administrator, successor, personal representative, or the duly qualified and acting personal representative of the estate of a decedent." O.C.G.A. § 29-1-1(15).

[7] For claims brought under Georgia's wrongful death statute, the plaintiff may only recover "the full value of the life" of the decedent. *See* O.C.G.A. § 19-7-1(c)(1); *Ford Motor Co. v. Stubblefield*, 171 Ga. App. 331, 340 (1984) (punitive damages not available in a wrongful death claim).

IV.   **CONCLUSION**

Plaintiffs' Complaint fails to set forth allegations sufficient to state a claim for relief against the City of Savannah under 42 U.S.C. § 1983. Accordingly, the City of Savannah should be dismissed from this lawsuit with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). In addition, the "Estate of Saudi Lee Arai Lee" is not a proper plaintiff in this case as Plaintiffs admit that no personal representative has been appointed for Mr. Lee's estate.

Respectfully submitted this 13th day of September 2024.

**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**

*/s/Taylor L. Dove*
Bradley M. Harmon
Georgia Bar No. 327097
Taylor L. Dove
Georgia Bar No. 993210
*Attorneys for City of Savannah*

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31412-0048
Telephone:  912.236.0261
Facsimile:  912.236.4936
Email: BHarmon@HunterMaclean.com
Email: TDove@HunterMaclean.com

**OFFICE OF THE CITY ATTORNEY**

*/s/ R. Bates Lovett*
R. Bates Lovett
Georgia Bar No. 459568
Jennifer N. Herman
Georgia Bar No. 327017

P.O. Box 1027
Savannah, Georgia 31402
Telephone:  912.525.3092
Facsimile:  912.525.3267
Email: BLovett@savannahga.gov
Email: JHerman@savannahga.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT THE MAYOR AND ALDERMEN FOR THE CITY OF SAVANNAH'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT** by using the CM/ECF system which will send a notice of electronic filing to all parties.

Respectfully submitted this 1st day of September 2024.

                            **HUNTER, MACLEAN, EXLEY & DUNN, P.C.**

                            */s/Taylor L. Dove*
                            Bradley M. Harmon
                            Georgia Bar No. 327097
                            Taylor L. Dove
                            Georgia Bar No. 993210
                            *Attorneys for City of Savannah*

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31412-0048
Telephone: 912.236.0261
Facsimile: 912.236.4936
Email: BHarmon@HunterMaclean.com
Email: TDove@HunterMaclean.com

13