UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JEROME BLIGE, ) | |
| MARSHELL BERNICE LEE, ) | |
| and the ESTATE OF SAUDI ) | |
| ARAI LEE, by and through ) | |
| MARSHELL BERNICE LEE, its ) | |
| Administrator, ) | |
| ) | |
| VERSUS ) | NO.: 4:24-cv-00131-RSB-CLR |
| ) | |
| ERNEST FERGUSON, ) | JURY TRIAL DEMANDED |
| IN HIS INDIVIDUAL CAPACITY; ) | |
| MACKENZIE RANDLE, IN HIS ) | |
| INDIVIDUAL CAPACITY; ) | |
| CITY OF SAVANNAH ) | |

**PLAINTIFFS' FIRST MOTION AND
MEMORANDUM OF SUPPORT TO AMEND COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, come Petitioners, Jerome Blige, Marshell Bernice Lee, and the Estate of Saudi Lee, who respectfully amend and entirely restate the claims alleged in their original Complaint With Jury Demand, *Doc. 1*, against Defendants Ernest Ferguson, Mackenzie Randle, and the City of Savannah.  This Amended Complaint with Jury Demand supersedes and completely replaces Plaintiffs' Original Complaint.  Under Fed. R. Civ. P. 15(a)(1), Plaintiffs have the right to amend their Complaint against the City of Savannah ("City") "as a matter course" because the City filed its Motion to Dismiss pursuant to Fed. R. Civ. P. 12, *Doc. 14*, less than twenty-one (21) days prior to this filing.   Fed. R. Civ. P. 15(a)(1)(A).

Plaintiffs seek leave of Court to amend their Complaint as applied to Defendant Ernest Ferguson, whose Answer was filed more than twenty-one (21) days ago.  *See, Doc. 8* (Answer filed Aug. 2, 2024).  Plaintiffs' counsel sought and obtained consent from Defendant Ferguson's

1

counsel, who does not oppose this motion. *See* Fed. R. Civ. P. 15(a)(1)(B). In support, counsel states:

### I.     Allegations in Complaint and Procedural History

As detailed in Plaintiff's Original Complaint, R. Doc. 1, on June 24, 2022, Saudi Lee was walking on Gwinnett Street in Savannah, Georgia. Mr. Lee and his family lived in the neighborhood. Plaintiffs allege that Defendant Ernest Ferguson and Defendant Mackenzie Randle together conspired to illegally stop and detain Mr. Lee. Both officers exited their police vehicle as part of the illegal stop of Mr. Lee. Without sufficient provocation, Defendant Ferguson shot and killed Mr. Lee. Defendant Ferguson and Defendant Randle lied about the circumstances of the shooting to cover up their misconduct.

Plaintiffs timely filed their Original Complaint on June 21, 2024. *Doc. 1*. At the time of the filing, Plaintiffs and their counsel had repeatedly sought documents and video depicting what occurred on June 24, 2022. Without these documents and videos, Plaintiffs could not plead all relevant facts because Mr. Lee—the victim who was killed by Defendant Ferguson—was not available to provide a complete account to Plaintiffs. Additionally, despite Plaintiffs' diligence in attempting to obtain as much information as possible before filing a Complaint, they were unable to identify Defendant Randle. Thus, he appears named as Officer John Doe in the Original Complaint. *Doc. 1* at p. 2.

On August 5, 2021, Defendant Ferguson filed his Answer. R. Doc. 8. In cooperation with Defendant Ferguson's counsel, Plaintiffs' counsel was provided the body camera videos of Defendants Ferguson and Randle, and Officer Randle's full name. Through these videos, Plaintiffs are now able to: 1) fully plead all relevant facts; 2) identify John Doe as Defendant Randle; and 3)

plead the applicable causes of action. *See, Exhibit 1* (Plaintiffs' proposed First Amended Complaint).

On September 13, 2024, the City Defendants filed their Motion to Dismiss under Fed. R. Civ. P. 12(b). *Doc. 14.* On September 26, 2024, this Court held a status conference with the parties regarding scheduling, during which Plaintiffs' counsel informed this Court and all Defendants of their intent to file an Amended Complaint with this additional information. *Doc. 21.* Because Plaintiffs file their amended Complaint before the expiration of 21 days from the City's responsive pleading, their amended Complaint as to the City does not require leave of court. Fed. R. Civ. P. 15(a)(1).

## II. LAW AND ARGUMENT

### A. Plaintiffs Are Entitled to Amend the Complaint as a Matter of Course Against the City Defendants

Under Fed. R. Civ. P. 15(a)(1)(B), Plaintiffs may amend their Complaint as a "matter of course" within twenty-one (21) days of being served with either a responsive pleading to the Complaint or a motion under Fed. R. Civ. P. 12, whichever is earlier. On September 13, 2024, the City Defendants filed and served their Motion to Dismiss. *Doc. 14.* Twenty-one days have not passed since the filing of this Motion as of the time of this filing this Motion to Amend the Complaint. Therefore, Plaintiffs have a right as a matter of course to amend under the Federal Rules. Fed. R. Civ. P. 15(a)(1). Plaintiffs now avail themselves of that right.

### B. Plaintiffs Have Obtained Consent of Defendant Ferguson to Amend the Complaint, and No Prejudice or Delays in the Case Will be Caused by the Amendments

If twenty-one (21) days have passed from filing of a responsive pleading, which they have since Defendant Ferguson filed his Answer, *Doc. 8,* Fed. R. Civ. P. 15(a)(2) allows a party to amend its complaint with either consent of the opposing party or with leave of this Court.

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "While allowing an amendment is a discretionary decision, we have explained that district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." *Pinnacle Adver. & Mktg. Grp. v. Pinnacle Adver. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021). The Eleventh Circuit has held that leave to amend should be given unless there is "an 'apparent or declared reason' to deny such as 'undue prejudice to the opposing party.'" *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006)).

Here, Plaintiffs seek to amend their Original Complaint to provide facts that could not have been known to Plaintiffs at the time of filing. Specifically, Plaintiffs seek to plead facts learned from viewing the body cameras and initial discovery (which Plaintiff sought prior to filing suit) both in terms of the events of June 21, 2024 and the identity of Defendant Randle. *Exhibit 1*. Plaintiffs also seek to add related causes of action, all based on the identical facts from the police shooting of Saudi Lee. *See, e.g., id.,* pp. 29-30 (adding 2nd Amendment claim).

All considerations militate in favor of this Court "freely" granting leave to amend. First, undersigned counsel has communicated with counsel for Defendant Ferguson, who does not oppose this motion. *See* Fed. R. Civ. P. 15(a)(2). Second, the factual additions stem from information that was unavailable to Plaintiffs at the time of filing the Complaint since Mr. Lee died before being able to share his account of events with anyone. Third, there is no prejudice to Defendant Ferguson since this case only months old and discovery is at its inception. Further, as opposed to Plaintiffs, Officer Ferguson had personal knowledge of what occurred on June 21, 2024, as he was present and the shooter. None of the facts pled that were learned by Plaintiffs from the Defendant's own body camera can be a prejudicial surprise. Finally, as discussed in the

status conference on September 26, 2024, none of these amendments will cause undue disruption and delay in the case since it is so recently filed. *Cf. Pinnacle Adver. & Mktg. Grp.*, 7 F.4th at 1000 (finding no prejudice with an amendment ten (10) days before trial because the party opposing amendment could not articulate what it would have done differently in preparing for trial and its ability to defend itself).

## CONCLUSION

For the reasons above, pursuant to Fed. R. Civ. P. 15(a)(1)(B) and 15(a)(2), this Court should grant Plaintiffs' Motion to Amend their Complaint against the City Defendants and Defendant Ferguson.

Respectfully submitted this 26th day of September, 2024.

    THE CLAIBORNE FIRM, P.C.

    /s/ W. Claiborne
    WILLIAM R. CLAIBORNE
    Georgia Bar Number: 126363
    DAVID J. UTTER
    Georgia Bar Number: 723144
    410 East Bay Street
    Savannah, Georgia 31401
    (912) 236-9559 Telephone
    (912) 236-1884 Facsimile
    will@claibornefirm.com
    david@claibornefirm.com

    */s/ Christopher J. Murell*
    Christopher J. Murell
    Georgia Bar Number: 195116
    Meghan K. Matt
    Louisiana Bar Number: 39975*
    MURELL LAW FIRM
    2831 St. Claude Avenue
    New Orleans, Louisiana 70117
    (504) 717-1297: Christopher
    (225) 413-0463: Meghan
    (504) 233-6691 Facsimile

chris@murell.law  
meghan@murell.law  
*Admitted pro hac vice*

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all counsel of record and filed electronically with the Clerk of Court's CM/ECF system.

Respectfully submitted this 26th day of September, 2024.

_____
WILLIAM R. CLAIBORNE