IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| Jerome Blige, Larshell Bernice Lee and the Estate of Saudi Arai Lee,<br><br>    Plaintiffs,<br><br>      v.<br><br>Ernest Ferguson, In His Individual Capacity, John Doe, In His Individual Capacity, and the City of Savannah,<br><br>    Defendants. | CIVIL ACTION NO.: 4:24-cv-00131-RSB-CLR |

## RULE 26(f) REPORT

The attorney(s) and/or unrepresented parties listed below certify that:

1) they have read the Court's Rule 26 Instruction Order entered in this case;

2) they have held a conference, in person or telephonically, pursuant to Federal Rule of Civil Procedure 26(f); and

3) they have discussed the case and jointly prepared the following Rule 26(f) Report.

Identify, for each party, the attorney(s) and/or unrepresented parties who attended the Rule 26(f) Conference, the counsel or unrepresented parties who participated in preparing the Rule 26(f) Report, and the date of the Rule 26(f) Conference:

<u>November 15, 2024</u>
<u>William R. Claiborne for the Plaintiffs</u>
<u>Malcolm Mackenzie, III for Defendant Ernest Ferguson</u>
<u>Taylor Dove for City of Savannah</u>

**I.   INITIAL MATTERS:**

  **A. Jurisdiction and Venue**

  The defendant(s)

  ☒ does            ☐ does not

  contest jurisdiction and/or venue (for multiple defendants, identify which defendants contest jurisdiction and/or venue). If contested, such position is because:

  1) Jurisdiction:

  The City of Savannah anticipates that it will be asserting sovereign immunity as to the state law negligence claim set forth in the proposed First Amended Complaint. Dupree v. Owens, 92 F.4th 999 (11th Cir. 2024) ("[s]overeign immunity is inherently jurisdictional in nature . . .")

  2) Venue:

  N/A

  **B. Immunity**

  The defendant(s)

  ☐ has raised      ☒ will raise      ☐ will not raise

  an immunity defense based on:

Qualified Immunity; Sovereign Immunity

C. **Stay of Discovery Due to Motion to Dismiss, Transfer, or Remand**

If a motion to dismiss, transfer, or remand has been or will be filed, or if any party will otherwise raise an initial defense including lack of jurisdiction, improper venue, or immunity, state whether the parties wish to delay proceeding with discovery until those issues have been decided. If so, state (i) the earliest a motion to dismiss or transfer will be filed; and (ii) what, if any, initial discovery, limited to that issue, will be necessary to resolve the motion.

Should any party seek a stay of discovery due to the filing of a motion to dismiss, the party must file a motion to stay and state within the motion whether the other parties join in, consent to, or oppose the motion.

<u>Defendants City of Savannah have a pending motion to dismiss based on Plaintiffs' original Complaint.  No stay of discovery was requested.</u>

## II. SETTLEMENT:

### A. Settlement Efforts to Date

The parties state:

☒ They have not yet taken any efforts to resolve this dispute.

☐ They have taken efforts to resolve this dispute, and those efforts generally consisted of:

Plaintiffs have provided a demand to Defendants, who have not responded. Defendants wish to conduct discovery prior to discussing settlement.

### B. Early Settlement Discussion

Counsel certify that, as required by the Rule 26 Instruction Order, they have discussed the potential for settlement between themselves and explored early involvement in alternative dispute resolution with their clients, and:

☐ The parties are prepared to discuss settlement with the Court at this time.

☒ The parties will not be prepared to discuss settlement until: **January 10, 2025**.

If the parties will not be prepared to discuss settlement until a later date, explain why, including what, if any, discovery the parties need in order to discuss settlement:

Plaintiffs are prepared to discuss settlement at any time and have placed a global demand on Defendants. Defendants' position is that they will be ready to discuss settlement after the conclusion of discovery. The City of Savannah has filed a motion to dismiss and an opposition to Plaintiffs' motion to amend their complaint.

### III. INITIAL DISCLOSURES AND SCHEDULING CONFERENCE:

#### A. Initial Disclosures

Rule 26(a)(1) disclosures:

☐ have been completed.   ☒ will be completed by **November 29, 2024**.

Unless otherwise ordered, mandatory disclosures required by Federal Rule of Civil Procedure 26(a)(1) must be made within fourteen (14) days of the parties' Rule 26(f) Conference. If any party is requesting additional time to provide disclosures, please explain why:

N/A

#### B. Scheduling Conference

As explained in the Rule 26 Instruction Order, the Court may hold a Scheduling Conference (to be attended only by counsel and any unrepresented parties) before entering a Scheduling Order. Ordinarily, the Court will allow appearance via telephone. If any party is requesting that the Court hold a Scheduling Conference prior to the issuance of a Scheduling Order, please state so below:

N/A

If a Scheduling Conference is necessary, it should be held no more than twenty (20) days after the submission of this Report. Should the Court deem a scheduling conference necessary, the parties are available for a Scheduling Conference on the following dates (if any party is not available until after the 20-day time period, please explain why):

Plaintiffs filed a motion to amend their Complaint, and Defendant City of Savannah filed a motion to dismiss as to Plaintiffs original Complaint and opposes Plaintiffs motion to amend. Should the Court desire to hold a scheduling conference the Parties suggest a date after the Court resolves the outstanding motions.

## IV. DISCOVERY

Discovery will proceed more effectively and efficiently if the parties address discovery in the following sequential order:

- First: Accomplishing all fact-based written discovery, inspections, and examinations under Rules 33 through 36 of the Federal Rules of Civil Procedure, as well as the subpoena of documents, electronically stored information, and other tangible things from third parties under Federal Rule of Civil Procedure 45(d)(2);

- Second: Conducting discovery depositions of fact witnesses who have not been designated as experts;

- Third: Making all expert disclosures; and

- Fourth: Conducting all expert depositions.

**Unless the parties show good cause to proceed otherwise, the parties must propose discovery deadlines that follow this sequential course. In other words, absent a specific showing of good cause, the parties should not propose one deadline to accomplish all discovery measures. Rather, the parties must propose sequential deadlines by which they shall successively accomplish each of the above four areas of discovery.**

If any party proposes discovery deadlines that do not follow the sequential schedule laid out above, please state the reason(s) why.

N/A

Additionally, pursuant to Local Rule 26.1(d), the parties must complete all discovery within 140 days of the last answer of the defendants named in the original complaint. However, the Court will provide additional time upon a showing of good cause.

If any party proposes discovery deadlines that extend beyond the 140-day period, please state the reason(s) why.

The parties request an additional 30 days to complete discovery. As proposed below, even with aggressive deadlines of 40 days for written discovery and 40 days for non-expert depositions, the parties request 30 days each to disclose experts and prepare reports, and 30 days for expert depositions.

6

**A. <u>Fact-Based Written Discovery, Inspections, and Examinations</u>**

   i. Written discovery, inspections, and examinations under Rules 33 through 36 of the Federal Rules of Civil Procedure will be completed by **<u>January 10, 2025</u>**.

   ii. The maximum number of interrogatories, including sub-parts, which may be served by any party on any other party, is: <u>25</u>.

      If any party seeks to exceed the limit of twenty-five (25) interrogatories set by Federal Rule of Civil Procedure 33(a)(1), please state why:

      <u>N/A</u>

   iii. Will any party seek to conduct any inspections of any land, premises, or other property under Federal Rule of Civil Procedure 34(a)(2) or 45(d)(2)? <u>The parties do not anticipate conducting any inspections under the FRCP.</u>

      If yes, please describe the anticipated inspection(s) and state whether the inspection(s) should occur during the expert discovery period rather than during fact-based discovery.

      <u>N/A</u>

   iv. Will any party seek to conduct any physical or mental examinations under Federal Rule of Civil Procedure 35? <u>Not at this time.</u>

      If yes, please describe the anticipated examination(s) and state whether the examination(s) should occur during the expert discovery period rather than during fact-based discovery.

      <u>N/A</u>

B. **Depositions of Non-Expert Witnesses**

  i. Discovery depositions of witnesses who have not been designated as experts will be completed by: **February 10, 2025**.

  ii. The maximum number of depositions (including all expert and non-expert) that may be taken by a party is:  Defendants do not anticipate exceeding the limit of 10 depositions.  See below for Plaintiffs.

  If any party seeks to exceed the limit of ten (10) depositions set by Federal Rule of Civil Procedure 30(a)(2)(A)(i), please state why:

  Plaintiffs bring a number of municipal liability claims against the City of Savannah.  Plaintiffs' counsel is unaware how many people within city government and the police force knew or should have known of  Defendant Ferguson's behavior against the community and the deceased Saudi Lee prior to the homicide of Mr. Lee, making it difficult to know precisely how many depositions might be needed.

  iii. Depositions will be limited in duration by Federal Rule of Civil Procedure 30(d)(1), except the depositions of:

  N/A

  which, by agreement, shall be limited as follows:

  N/A

C.  **Expert Discovery**

   i.   Does the plaintiff(s) anticipate designating, calling, or otherwise relying upon any expert witnesses?  Yes

   ii.  Does the defendant(s) anticipate designating, calling, or otherwise relying upon any expert witnesses?  Yes

   iii. Plaintiff(s) shall serve any and all expert reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and any and all disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) by **March 12, 2025**.

   iv.  Defendant(s) shall serve any and all expert reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and any and all disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) by **April 14, 2025**.

   v.   The parties shall conduct any and all discovery depositions of witnesses who have been designated as experts by **May 14, 2025**.

   If any party anticipates any problems regarding expert discovery or any unique circumstances that the Court should be aware of regarding expert discovery, please explain:

   N/A

D.  **Agreed Discovery Procedures**

   i.   <u>Unique Circumstances</u>

Are there any facts or circumstances unique to this case that will make fact or expert discovery more difficult or more time consuming? If so, please explain such facts and circumstances and the actions the parties have agreed upon to address them:

<u>None at this time.</u>

   ii.   <u>Phased Discovery</u>

Does any party propose that discovery be limited or proceed in phases? If so, please list each party making such a proposal and briefly explain the party's proposal:

(Phased discovery denotes discovery into one issue or set of facts first and then discovery into other issues or set of facts at a later time. Phased discovery does not include addressing fact-based discovery first and expert discovery thereafter. As explained above, sequentially addressing fact-based discovery measures first and expert discovery thereafter should be the normal course.)

<u>N/A</u>

E.  **Third-Party Discovery**

    Does any party anticipate that it will request a substantial amount of discovery, including the production of documents and other tangible things, from any individual or entity that is not a party to this action? \_\_

    If so, please describe (i) any such third party and the discovery to be sought, (ii) any difficulties the parties anticipate in obtaining discovery from the third party, and (iii) whether the third party should participate in the scheduling conference.

    None at this time.

F. **<u>Electronically Stored Information</u>**

By signing below, the parties certify that they have conferred together regarding the preservation and production of electronically stored information that may be relevant to the disposition of this suit as specifically required by the Rule 26 Instruction Order. The parties are prepared to discuss discovery of electronically stored information with the Court at the Rule 26 Instruction Conference.

i. Do the parties anticipate any disagreements about electronic discovery? If so, please explain:

   <u>No.</u>

ii. Do the parties anticipate that any special provisions are needed in the Scheduling Order with respect to electronic discovery? If so, please explain:

   <u>N/A</u>

iii. Do the parties otherwise seek to bring any issue regarding electronic discovery to the Court's attention? If so, please explain:

   <u>No.</u>

**G. Privileged, Protected, and/or Confidential Communications and Information**

The parties certify that they have conferred together regarding any documents or information withheld due to claims of privilege, confidentiality, or other protections as required by the Rule 26 Instruction Order.

i. Have the parties reached an agreement regarding the procedures for asserting claims of privilege, confidentiality, or protection? No

   If so, please briefly describe such agreement:

   N/A

ii. Are there terms of any agreement regarding privileged, protected, or confidential information that the parties wish to have memorialized in the Scheduling Order?

   No

   If so, please explain or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters. Please include below, or in the attachment, a statement of good cause explaining the need for entry of such an order:

iii. Are there any issues regarding claims of privilege, confidentiality, or protection as to which the parties have been unable to reach an agreement?

   Not at this time.

   If so, please explain:

   N/A

13

H. **Protected Health Information**

    i. Do the parties anticipate that this case will involve an individual's medical records and/or protected health information, including any information that may be protected by the Health Insurance Portability and Accountability Act (HIPAA) and/or any state or federal privilege or protection for health information?

    <u>Yes</u>

    ii. Has any individual whose protected health information could be relevant to this case executed a release allowing for counsel of the opposing party to obtain protected health information directly from health care providers?

    <u>No</u>

    iii. Have the parties reached any agreements regarding the protection of such information including any agreements regarding the further disclosure of such information?

    <u>No</u>

    iv. Are there terms of any agreement regarding protected health information that the parties wish to have memorialized in the scheduling order?  <u>Yes</u>

    If so, please explain or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters.  Please include below, or in the attachment, a statement of good cause explaining the need for entry of such an order:

    <u>The parties anticipate exchanging protected health information and anticipate needing a protective order.  The parties agree to jointly draft and submit a proposed order to present to the Court</u>

    v. Are there any issues regarding protected health information as to which the parties have been unable to reach an agreement?  <u>No</u>

    If so, please explain:

    <u>N/A</u>

**V.    MOTIONS**

    **A. Motions to Amend the Pleadings or to Add Parties**

       i.  The plaintiff(s)    ☒ does    ☐ does not

       anticipate the need to amend pleadings or add parties. Any motions to amend pleadings shall be filed by **September 26, 2024**.

      ii.  The defendant(s)    ☐ does    ☒ does not

       anticipate the need to amend pleadings or add parties. Any motions to amend pleadings shall be filed by       .

       If there are multiple defendants and less than all defendants anticipate needing to amend pleadings or add parties, please indicate which defendants so anticipate:

       N/A

      iii. By Local Rule 16.3, all motions to amend pleadings or add parties are to be filed within sixty (60) days after the first filing of an answer. If any party is requesting more than this time, please state the reason(s) why such time is necessary.

       Plaintiffs filed a Motion to Amend Complaint on Sept. 26, 2024 that remains pending with the Court. Plaintiffs do not anticipate the need to file any future amendments

    **B. Civil Motions (Except Motions in Limine)**

    All other motions, including motions for summary judgment and motions to exclude expert testimony on *Daubert* and other grounds (but excluding motions in limine), shall be filed by: **June 16, 2025**.

    If any party is requesting a deadline to file motions (other than motions in limine) more than thirty (30) days after the deadline to complete discovery, please state the reason why such time is necessary:

    N/A

VII.  **ADDITIONAL MATTERS**

Please state any other matters to which the parties stipulate and/or which the court should know or consider before entering the Scheduling Order:[1]

N/A

Dated: **November 22, 2024**

| | |
|---|---|
| /s/ David J. Utter<br>Counsel for Plaintiff(s) | /s/ William R. Claiborne<br>Counsel for Plaintiff(s) |
| /s/ Christopher Murell<br>Counsel for Plaintiff(s) | /s/ Meghan Matt<br>Counsel for Plaintiff(s) |
| /s/ Malcolm Mackenzie, III<br>Counsel for Defendant(s) | /s/ John T. Crosby<br>Counsel for Defendant(s) |
| /s/ Taylor Dove<br>Counsel for Defendant(s) | /s/ Robert Bates Lovett<br>Counsel for Defendant(s) |

---

[1] The parties need not include any trial-related matters in this statement. Following the motions filing deadline and the resolution of any dispositive motions, if this case is still pending, the Court will file its standard Order and Notice of Trial Preparation Requirements. After consulting with the parties, the Court will issue a Trial Preparation Scheduling Order tailored to the needs of this case. That order will set the pretrial conference and trial dates as well as deadlines for, amongst other matters, the submission of motions in limine and the joint proposed pretrial order.