IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JEROME BLIGE, MARSHELL BERNICE LEE, and the ESTATE OF SAUDI ARAI LEE, by and through MARSHELL BERNICE LEE, its Administrator,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>ERNEST FERGUSON IN HIS INDIVIDUAL CAPACITY; MACKENZIE RANGE, IN HIS INDIVIDUAL CAPACITY; CITY OF SAVANNAH,<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　Civil Action No.: 4:24-cv-00131-RSB-CLR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THE MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH'S MOTION FOR SANCTIONS AND INCORPORATED MEMORANDUM OF LAW**

NOW COMES the Mayor and Aldermen of the City of Savannah (incorrectly named herein as "City of Savannah") ("the City" or "Defendant") and files this Motion for Sanctions and moves the Court to impose sanctions against Plaintiffs and Plaintiffs' attorneys, William R. Claiborne and David J. Utter ("Plaintiffs' Counsel"), for their extrajudicial conduct in violation of Local Rule 11.2 and established case law of this Court. As shown in this Motion, Plaintiffs and Plaintiffs' Counsel have used extrajudicial sources, specifically the media, in an obvious effort to impact public opinion about this lawsuit. Defendant seeks an order from this Court imposing sanctions for this conduct, including dismissal of this action and/or any other sanction which the Court finds proper.

## I.    BACKGROUND

This case arises out of an officer-involved shooting that resulted in the death of Saudi Arai Lee ("Lee" or "the Deceased"). The incident was captured on Defendant Ferguson's body camera. On December 4, 2024, during the pendency of this legal action and while discovery remains ongoing, Plaintiffs and Plaintiffs' Counsel held a planned press conference in front of local news media on Johnson Square in downtown Savannah to "release" Ferguson's body camera footage. Given that this footage was already public record, the press conference served no conceivable purpose other than to try this case in the court of public opinion and taint the prospective jury pool.

Notably, all of the major local media outlets were invited and in attendance at the press conference, including, but not limited to, WJCL-22 (local ABC affiliate), WTOC-11 (local CBS affiliate), WSAV-3 (local NBC affiliate), and the Savannah Morning News.[1] During the press conference, Plaintiffs' counsel, William Claiborne, made purposefully inflammatory statements that were clearly designed to inject bias into the jury pool. As examples, Mr. Claiborne stated that "there is no other word for what happened to [Lee] other than murder," repeatedly called Defendant Ferguson a "liar," and repeated his mischaracterization of the body cam footage that Lee shouted "you're about to kill me" rather than what the footage undisputedly reflects -- "you're going to have to kill me". *See* "Attorneys release new body camera footage of the moment Saudi Lee died," WJCL-22, https://www.wjcl.com/article/body-camera-footage-saudi-lee/63097712 ("WJCL Footage"); "Bodycam footage released of deadly officer involved shooting in Savannah," WTOC-

---

[1] *See generally,* "Attorneys release new body camera footage of the moment Saudi Lee died," WJCL-22, https://www.wjcl.com/article/body-camera-footage-saudi-lee/63097712; "Bodycam footage released of deadly officer involved shooting in Savannah," WTOC-11, https://www.wtoc.com/2024/12/04/saudi-lees-family-hold-press-conference-after-former-officer-pleads-not-guilty/; "Family of Saudi Lee releases body cam footage of fatal shooting," WSAV-3, https://www.wsav.com/news/local-news/family-of-saudi-lee-release-body-cam-footage-of-fatal-shooting/; "'Now the whole world can see the truth': Saudi Lee's family releases body-cam footage of shooting," Savannah Morning News, https://savannahnow.com/story/news/crime/2024/12/04/attorneys-release-body-cam-footage-of-savannah-officer-shooting-saudi-lee/76778032007/.

2

11, https://www.wtoc.com/2024/12/04/saudi-lees-family-hold-press-conference-after-former-officer-pleads-not-guilty/ ("WTOC Footage").

Perhaps most concerning of all, Mr. Claiborne stated in the press conference that "just like Trayvon Martin and Ahmaud Arbery, Saudi Lee was hunted down and murdered." *See* WTOC Footage. Mr. Claiborne's comparison to the Trayvon Martin and Ahmaud Arbery tragedies, neither of which are factually similar in any capacity to the case at hand, was clearly made to inflame the public's opinion of Officer Ferguson and the Savannah Police Department.

## II.   ARGUMENT AND CITATION OF AUTHORITY

*A. The Court has power to impose sanctions on a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.*

The Eleventh Circuit Court of Appeals has acknowledged that "[c]ourts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, decorum, in their presence, and submission to their lawful mandates." Thomson v. Tenneco Packaging Co., 293 F.3d 1306, 1320 (11th Cir. 2002) (*quoting* Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Chambers, 501 U.S. at 43 (*quoting* Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962)). Further, "it is firmly established that "[t]he power to punish for contempt is inherent in all courts" and that this power "reaches both conduct before the court and that beyond the court's confines." Id. at 44 (*quoting* Ex parte Robinson, 19 Wall. 505, 510 (1874); Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787, 798 (1987) (citations omitted)). Courts use this inherent power with discretion "to fashion an appropriate sanction for conduct which abuses the judicial process." Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1223 (11th Cir. 2017). "A court may exercise this power to sanction the willful disobedience of a

court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Id. The sanctions available to a court acting under its inherent powers include awarding attorneys' fees, dismissing the action, assessing a fine, and excluding evidence, among other available sanctions. 27A Fed. Proc., L. Ed. § 62:798 (June 2019 Update).

The Local Rules of the Southern District of Georgia and the case law of this Court explicitly prohibit Plaintiffs and Plaintiffs' Counsel's conduct. In fact, the behavior exhibited by Plaintiffs and Plaintiffs' Counsel demonstrates why such rules are necessary. Local Rule 11.2 recognizes the power of the media to interfere with a litigant's right to a fair trial, and to prejudice the administration of justice:

> **Release of Information by Attorneys in Civil Cases.** It is the duty of every lawyer or law firm associated with the case not to release or authorize the release of information or an opinion, which a reasonable person would expect to be disseminated by means of public communication, in connection with pending or imminent civil litigation with which he or his firm is associated, if there is a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice.

(S.D. Ga. L.R. 11.2).

Plaintiffs and Plaintiffs' Counsel involved the media in an unjust attempt to influence public opinion as to the facts of this case, and to actively mischaracterize the facts of this case. The press conference called and held by Plaintiffs and Plaintiffs' Counsel was nothing more than a calculated effort to unnecessarily publicize Plaintiffs' Counsel's characterization of the facts, apply public pressure on the City, and incite public outrage toward Defendant Ferguson and the Savannah Police Department. Although it is rare to see such a disregard for the integrity of the judicial process as has been exhibited by Plaintiffs and Plaintiffs' Counsel, there is precedent in this Court, and others, to aid in the Court's analysis of the facts at hand. In Diamond Consortium, Inc. v. Manookian, the Eastern District of Texas exercised its inherent powers to sanction a party

for its use of websites to publicize the litigation and publicly accuse the opposing party of tax fraud, among other things. *See* No. 4:16-cv-94, 2017 WL 3301527 (E.D. Tex. Aug. 3, 2017). In its opinion, that court held:

> The Court has an **obligation to protect the integrity of the judicial process** and, in particular, the integrity of a jury trial; and there is strong evidence here that Defendants' efforts to publicize the existence of these websites are a **deliberate attempt to disrupt that process by improperly influencing witnesses and/or prejudicing the jury pool**.

Id. at *10 (emphasis added).

Here, as in Diamond Consortium, the press conference held by Plaintiffs and Plaintiffs' Counsel was purely extrajudicial conduct intended to sway public opinion, taint a prospective jury pool, and interfere with the administration of a fair trial. Their conduct rises to the level of bad faith and oppressiveness necessary for the exercise of the Court's inherent power to impose sanctions. Mr. Claiborne, an officer of this Court, compared this case to two of the most high-profile, racially charged criminal cases in recent memory (neither of which involved police officers) with the clear intent to persuade public opinion in Plaintiffs' favor.

The press conference held by Plaintiffs and Plaintiffs' Counsel has dramatically impacted the course and scope of this case. Although the press conference was attended by members of the local news media, footage of the press conference and articles about the press conference have been posted to national news websites and has surely reached tens of thousands, if not hundreds of thousands, of people. Further, as noted by the Diamond Consortium court, "potential and actual jurors may be tempted to use the Internet to search for information about the litigants – in spite of being warned not to do so" and this press conference has now created highly biased content at the ready in the event future jurors choose to so search. 2017 WL 3301527 at *10. A simple Google search now reveals at least one local article has been reposted by Yahoo.com. *See* "Family of Saudi

5

Lee releases body cam footage of fatal shooting," yahoo!news, https://www.yahoo.com/news/family-saudi-lee-releases-body-205845930.html. Plaintiffs and Plaintiffs' Counsel have clearly violated Local Rule 11.2 and sought to smear Defendant Ferguson and the Savannah Police Department for the obvious purpose of influencing public opinion, tainting jurors, and swaying the ultimate outcome of this case.

This Court should not tolerate such conduct. The City respectfully asks the Court to exercise its inherent powers to sanction both Plaintiffs and Plaintiffs' Counsel by dismissing Plaintiffs' case with prejudice. Although the local rule expressly prohibited Mr. Claiborne's actions, this Court has previously sanctioned a plaintiff when the party herself, and not just her attorney, went to the media. *See* Mai v. Nine Line Apparel, Inc., No. 4:18-cv-277-WTM-BWC, 2019 WL 5092478 (S.D. Ga. Oct. 10, 2019). In that case, the plaintiff shared news articles about the lawsuit and made numerous comments on her personal Facebook page and later participated in a WSAV interview in which she discussed the action. Id. at *1-2. The interview was published to WSAV's website and Facebook pages and received more than 400 comments. Id. at *2. The defendant sought sanctions and argued the plaintiff was seeking to taint the jury pool, and this Court sanctioned the plaintiff by awarding attorneys' fees and further prohibited any further extrajudicial statements by parties or counsel that may prejudice the proceedings. Id. at *5. The Court noted that "[i]ndeed, although litigants do not surrender their First Amendment rights at the courthouse door, those rights may be subordinated to other interests that arise in the context of both civil and criminal trials." Id. (*quoting* U.S. v. Brown, 218 F.3d 415, 424 (5th Cir. 2000)).

Plaintiffs and Plaintiffs' Counsel's purposeful conduct warrants a sanction more severe than an award of attorneys' fees or some other monetary penalty. Their antics cannot be undone and have potentially rendered a fair and unprejudiced case and future trial impossible. Further, the

6

harm will only continue to grow as content on the internet is effectively impossible to erase. Thus, severe sanctions are warranted. No lesser sanction than dismissal can rectify the prejudice even partially) that has been caused by Plaintiffs and Plaintiffs' Counsel's actions. For these reasons, the City respectfully requests that the Court sanction Plaintiffs and Plaintiffs' Counsel by dismissing this case with prejudice or otherwise sanction Plaintiffs and Plaintiffs' Counsel as is just.

Respectfully submitted this 10th day of January 2025.

**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**

*/s/Taylor L. Dove*
Bradley M. Harmon
Georgia Bar No. 327097
Taylor L. Dove
Georgia Bar No. 993210
*Attorneys for Defendant*

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31412-0048
Telephone:  912.236.0261
Facsimile:  912.236.4936
Email: bharmon@huntermaclean.com
Email: tdove@huntermaclean.com

**OFFICE OF THE CITY ATTORNEY**

*/s/R. Bates Lovett*
R. Bates Lovett
Georgia Bar No. 459568
Jennifer N. Herman
Georgia Bar No. 327017

P.O. Box 1027
Savannah, Georgia 31402
Telephone:  912.525.3092
Facsimile:  912.525.3267
Email: blovett@savannahga.gov
Email: jherman@savannahga.gov

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **THE MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH'S MOTION FOR SANCTIONS AND INCORPORATED MEMORANDUM OF LAW** by using the CM/ECF system which will send a notice of electronic filing to all parties.

Respectfully submitted this 10th day of January 2025.

           HUNTER, MACLEAN, EXLEY & DUNN, P.C.

           */s/ Taylor L. Dove*
           Taylor L. Dove
           Georgia Bar No. 993210
           Attorneys for Defendants

200 East St. Julian St.
Post Office Box 9848
Savannah, Georgia 31412-0048
Phone: (912) 236-0261
Fax: (912) 236-4936
E-Mail: tdove@huntermaclean.com