IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JEROME BLIGE, MARSHELL BERNICE LEE, and the ESTATE OF SAUDI ARAI LEE, <br><br> Plaintiffs, <br><br> vs. <br><br> ERNEST FERGUSON IN HIS INDIVIDUAL CAPACITY; MACKENZIE RANDLE IN HIS INDIVIDUAL CAPACITY; CITY OF SAVANNAH, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No.: 4:24-cv-00131-RSB-CLR |

**THE MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

NOW COMES The Mayor and Aldermen of the City of Savannah (incorrectly named herein as "City of Savannah, Georgia") ("City of Savannah") and files this Reply Brief in Support of Its Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC") showing this Court as follows:

**A. Plaintiffs' Complaint Fails to State a *Monell* Claim Related to an Alleged Unlawful Search and Seizure.**

Plaintiffs claim in their opposition brief (doc. 62) ("Response") that the allegations within Count III of the FAC support a *Monell* claim against the City of Savannah based upon an alleged unconstitutional search and seizure by Defendants Ferguson and Randle prior to the alleged use of excessive force. However, Counts IV, V and VI of the FAC (the only § 1983 claims against the City of Savannah) do not assert any allegations related to an unlawful initial search and seizure.

1

Instead, the *Monell* claims are premised solely upon the alleged excessive force used by Ferguson. In any event, Count III of the FAC still fails to allege an unconstitutional initial search and seizure, and thus there can be no *Monell* liability against the City of Savannah related thereto. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)[1].

The Fourth Amendment to the United States Constitution protects the right of persons to be free from unreasonable searches and seizures. "A 'seizure' does not occur every time a police officer interacts with a citizen." *United States v. Knight*, 989 F.3d 1281, 1286 (11th Cir. 2021). "Officers are free to 'approach individuals on the street or in other public places and put questions to them if they are willing to listen.'" *Id.* (quoting *United States v. Drayton*, 536 U.S. 194, 200 (2002)). "In these consensual encounters, the officers need no suspicion because the Fourth Amendment is not implicated." *Id.* (citing *Florida v. Bostick*, 501 U.S. 429 (1991)). It is only if the encounter becomes an investigatory *Terry* stop that the officer need reasonable suspicion. *Id.* An investigatory *Terry* stop occurs "[o]nly when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Terry v. Ohio*, 392 U.S. 1, 19, n. 16 (1968)).

In reviewing the undisputed body camera footage in this case, the initial encounter between Mr. Lee and the defendant officers did not amount to a search and seizure under the Fourth Amendment. Although the defendant officers believed they had reason to stop Mr. Lee for

---

[1] In their Response, Plaintiffs make the strained argument that the *Heller* decision is somehow not applicable to this case. It is well-established law that a municipality cannot be liable under *Monell* if there is no underlying constitutional violation. Contrary to Plaintiffs' assertion, the City of Savannah is not arguing that the defendant officers are entitled to qualified immunity. Like in *Heller*, the City of Savannah is taking the position that it cannot be held liable because the defendant officers' actions, as pled in the FAC, did not violate Mr. Lee's constitutional rights in any respect.

violating O.C.G.A. § 40-6-96[2], the encounter never amounted to a *Terry* stop as neither Ferguson nor Randle informed Mr. Lee that he was being stopped due to suspicion of criminal activity or that he was not free to go. In fact, the entirety of the conversation between Mr. Lee and Ferguson is as follows:

| | |
|---|---|
| **Ferguson**: | What's up man? |
| **Lee:** | Everything good? |
| **Ferguson:** | Yeah, everything's good. |
| **Lee:** | Yeah, I'm about to….I'm about to go to the house. |
| **Ferguson:** | Ok, sweet. |
| **Lee:** | Here's my uh…weapons license. |
| **Ferguson:** | Your weapons license? Alright where's it at? Where's it at? |

(Motion to Dismiss, Ex. A, Ferguson Body Camera Footage, 01:34 – 01:44).

Like in *Bostick*, this initial encounter between Mr. Lee and Ferguson was seemingly amicable at first and Ferguson did not "by means of physical force or show of authority . . . restrain [Mr. Lee's] liberty." *Id.* at 434. *See also Knights*, 989 F.3d at 1286-87 (no seizure where police officer did not make a show of authority communicating to plaintiff that he was not free to leave); *Miller v. Harget*, 458 F.3d 1251, 1257-58 (11th Cir. 2006) (no seizure where police officer, despite blocking in plaintiff's car, did not do anything that would appear coercive to a reasonable person). Accordingly, the initial encounter between Mr. Lee and the defendant officers as alleged in Count III of the FAC did not give rise to an unlawful search and seizure under the Fourth Amendment.

---

[2] Contrary to Plaintiff's assertion, it is unlawful for any pedestrian to walk in a roadway where a sidewalk is provided and there are motor vehicles within 1,000 feet of the pedestrian. O.C.G.A. § 40-6-96(b). As set forth in Ferguson's statement, he observed Mr. Lee "standing in the middle of the road in a manner which did impede traffic" and "not making any attempt to cross the street." (Doc. 34, Ex. A to FAC, Ferguson Narrative Report, p. 3).

> B. **The Alleged Conspiracy between Ferguson and Randle and Mr. Lee's Disputed Statement Do Not Demonstrate that Ferguson's Use of Force Was Excessive.**

In their Response, Plaintiffs' emphasize, and the City of Savannah agrees, that the Court should evaluate the events leading up to the incident in determining whether Ferguson's actions were reasonable. However, Plaintiffs turn a blind eye to Mr. Lee's unexpected and unnecessarily hostile behavior exhibited in the immediate moments leading up to the incident. Instead, Plaintiffs' make much of their allegations that Ferguson and Randle conspired to unlawfully stop and seize Mr. Lee for possessing a firearm and that Mr. Lee stated "You're about to kill me," prior to the incident. Even if these allegations were true, which is denied, they do not demonstrate that Ferguson's use of force was excessive.

As previously described, the body camera footage clearly shows that in the brief eleven-second period prior to the incident the defendant officers did not exhibit any confrontational behavior or otherwise communicate to Mr. Lee that he was being stopped for possessing a firearm. Instead, Ferguson talks to Mr. Lee in a calm manner and advises him that is "everything is good." Whether Ferguson and Randle had conspired to unlawfully stop Mr. Lee for possessing a firearm played no part in Mr. Lee's decision to respond by brandishing his firearm unexpectedly and in a threatening manner. It is this startling behavior, not some alleged conspiracy, which undisputedly precipitated the incident at issue. Further, the allegation that Mr. Lee stated "You're about to kill me" as opposed to "you're going to have to kill me" likewise has no impact on the outcome of this case as it was made after Mr. Lee had already demonstrated an immediate threat of harm by unexpectedly brandishing his firearm in an aggressive manner.

In short, the body camera footage clearly shows that Ferguson's use of force was objectively reasonable and there is nothing in the footage that remotely suggests that this unfortunate situation was created by the actions of the defendant officers.

WHEREFORE, the City of Savannah respectfully requests that its Motion to Dismiss (doc. 38) be granted.

Respectfully submitted this 10th day of February 2025.

**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**

*/s/Taylor L. Dove*
Bradley M. Harmon
Georgia Bar No. 327097
Taylor L. Dove
Georgia Bar No. 993210
*Attorneys for City of Savannah*

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31412-0048
Telephone:  912.236.0261
Facsimile:  912.236.4936
Email: BHarmon@HunterMaclean.com
Email: TDove@HunterMaclean.com

**OFFICE OF THE CITY ATTORNEY**

*/s/R. Bates Lovett*
R. Bates Lovett
Georgia Bar No. 459568
Jennifer N. Herman
Georgia Bar No. 327017

P.O. Box 1027
Savannah, Georgia 31402
Telephone:  912.525.3092
Facsimile:  912.525.3267
Email: BLovett@savannahga.gov
Email: JHerman@savannahga.gov

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **THE MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** by using the CM/ECF system which will send a notice of electronic filing to all parties.

Respectfully submitted this 10th day of February 2025.

                                       **HUNTER, MACLEAN, EXLEY & DUNN, P.C.**

                                       */s/ Taylor L. Dove*
                                       Taylor L. Dove
                                       Georgia Bar No. 993210
                                       *Attorneys for City of Savannah*

200 East St. Julian St.
Post Office Box 9848
Savannah, Georgia 31412-0048
Phone: (912) 236-0261
Fax: (912) 236-4936
E-Mail: tdove@huntermaclean.com