UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JEROME BLIGE, ) | |
| MARSHELL BERNICE LEE, ) | |
| and the ESTATE OF SAUDI ) | |
| ARAI LEE, by and through ) | |
| MARSHELL BERNICE LEE, its ) | |
| Administrator, ) | |
| ) | |
| VERSUS ) | NO.: 4:24-cv-00131-RSB-CLR |
| ) | |
| ERNEST FERGUSON, ) | JURY TRIAL DEMANDED |
| IN HIS INDIVIDUAL CAPACITY; ) | |
| MACKENZIE RANDLE, IN HIS ) | |
| INDIVIDUAL CAPACITY; ) | |
| CITY OF SAVANNAH ) | |

**PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN
SUPPORT OF LEAVE TO FILE SECOND AMENDED COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, come Petitioners, Jerome Blige, Marshell Bernice Lee, and the Estate of Saudi Lee, who respectfully seek leave to amend their First Amended Complaint against Defendants Ernest Ferguson, Mackenzie Randle, and the City of Savannah. Plaintiffs move pursuant to Fed. R. Civ. P. 15(a)(2) and 15(c)(1)(B) and do so timely pursuant to this Court's Scheduling Order. R. Doc. 68. This Second Amended Complaint alleges no new facts, but merely asserts additional legal claims based on the same "conduct, transaction, or occurrence[s]" as the First Amended Complaint. Fed. R. Civ. P. 15(c)(1)(B). Plaintiffs sought written consent from the Defendants, but have not received a response whether they oppose this motion. When a response is received, undersigned counsel will notify this Court.

In support of this motion, counsel states:

1

I.        **Allegations in Complaint and Procedural History**

As detailed in Plaintiff's First Amended Complaint, R. Doc. 34, on June 24, 2022, Saudi Lee was walking on Gwinnett Street in Savannah, Georgia. Mr. Lee and his family lived in the neighborhood. Plaintiffs allege that Defendant Ernest Ferguson and Defendant Mackenzie Randle together conspired to illegally stop and detain Mr. Lee. Both officers exited their police vehicles as part of the illegal stop of Mr. Lee. Without legal justification, Defendant Ferguson shot and killed Mr. Lee. Defendant Ferguson and Defendant Randle lied about the circumstances of the shooting to cover up their misconduct.

Plaintiffs timely filed their Original Complaint on June 21, 2024. R. Doc. 1. At the time of the filing, Plaintiffs and their counsel had repeatedly sought documents and video depicting what occurred on June 24, 2022. Without these documents and videos, Plaintiffs could not plead all relevant facts because Mr. Lee—the victim who was killed by Defendant Ferguson—was not available to provide a complete account to Plaintiffs. Additionally, despite Plaintiffs' diligence in attempting to obtain as much information as possible before filing a Complaint, they were unable to identify Defendant Randle. Thus, in the Original Complaint, he is named as Officer John Doe. R. Doc. 1 at 2. Once Defendant Ferguson's counsel provided the body camera videos of Defendants Ferguson and Randle, and Officer Randle's full name, Plaintiffs were able to plead additional facts and substitute Defendant Randle for a "John Doe" defendant through its First Amended Complaint. R. Doc. 22 (Motion to File First Amended Complaint). Defendant Ferguson consented to this Amended Complaint being filed. The City filed an Opposition. R. Doc. 23. Plaintiffs filed a reply. R. Doc. 29. This Court granted Plaintiffs' motion, R. Doc. 33, and ordered that the First Amended Complaint become the operative one in this matter. R. Docs. 33 & 34.

Pursuant to this Court's amended scheduling order, any further amendments must be filed by March 14, 2025. R. Doc. 68. Plaintiffs now seek to file their Second Amended Complaint to add applicable causes of action. Exh. 1 (Plaintiffs' proposed Second Amended Complaint). Plaintiffs allege no new facts and the Second Amended Complaint contains no changes or amendments other than asserting legal claims. Since amendments merely "assert[] a claim" "that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," Fed. R. Civ. P. 15(c)(1)(B), they relate back to First Amended Complaint. *Id*.

## II. LAW AND ARGUMENT

### A. Amendment Is Justified Under the Rule 15's Permissive Standard

Fed. R. Civ. P. 15(a)(2) allows a party to amend its complaint with either consent of the opposing party or with leave of this Court. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "While allowing an amendment is a discretionary decision, we have explained that district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." *Pinnacle Adver. & Mktg. Grp. v. Pinnacle Adver. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021). The Eleventh Circuit has held that leave to amend should be given unless there is "an 'apparent or declared reason' to deny such as 'undue prejudice to the opposing party.'" *Id*. (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006)).

As this Court noted in granting Plaintiffs' first motion to amend the complaint: "The Eleventh Circuit Court of Appeals has recognized that the ultimate purpose of Rule 15(a) is "to allow parties to have their claims heard on the merits." *In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014). In this respect, district courts are directed to "liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'"

3

*Id*. (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). While courts may freely grant leave to amend, a denial of a timely request requires justification. *Foman*, 371 U.S. at 182; *Halliburton & Assocs., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985) ("Although the decision whether to grant leave is within the discretion of the district court, the rule contemplates that leave shall be granted unless there is a substantial reason to deny it.").

Here, Plaintiffs Second Amended Complaint alleges no new facts. Other than changing the caption of the filing to "Second Amended Complaint," the First Amended Complaint and Second Amended Complaint are identical with no changes up through Count IV of the Causes of Action. The amendments are to clarify and supplement related causes of action, which all arise from the same set of facts described in the original complaint—the police shooting of Saudi Lee. Exh. 1 29-31 & 34-35. Specifically, in Count III of the First Amended Complaint, Plaintiffs already alleged that Defendants Ferguson and Randle conspired to violate Mr. Lee's Fourth Amendment rights by illegally stopping and detaining him for **legally** carrying a firearm in public. R. Doc. 34 at ¶¶114-120.; *id*. at ¶114 ("On June 24, 2022, Mr. Lee was exercising his Second Amendment right to keep and bear arms when Officers Ferguson and Randle unlawfully stopped and seized him."; *id*. at ¶116 ("Even though it was broad daylight and Mr. Lee was standing on a sidewalk of his neighborhood minding his own business and violating no laws, [Randle and Ferguson] stopped him for suspicion of carrying a firearm, then concocted a charge of "pedestrian walkway" to attempt to justify the stop.") (footnote omitted). The title of Count III in the First Amended Complaint is "Conspiracy to Violate Mr. Lee's Constitutional Rights Under the Second, Fourth, and Fourteenth Amendments and 42 U.S.C. §1983 Against Officers Ferguson and Randle." R. Doc. 34 at 28. In the Second Amended Complaint, for clarity purposes, Plaintiffs simply clarify they are asserting a distinct cause of action under the Fourth Amendment for the initial illegal

4

detention of Mr. Lee based on the same facts already alleged. Exh. 1 at 29-31. Second, Plaintiffs also clarify and supplement that their *Monell* claim against the City—whose customs, policies, and practices resulted in Mr. Lee's injuries and death—includes its inadequate training and supervision on illegally stopping and detaining citizens without reasonable articulable suspicion or probable cause. Exh. 1 at 34-35.

All considerations militate in favor of this Court "freely" granting leave to amend. First, the proposed amendments do not alter the subject matter of this lawsuit at all. They allege no new facts. Instead, they merely clarify and supplement claims based on facts already pled. Under Rule 15, a claim in an amended complaint relates back to the filing date of the original complaint if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Courts consistently hold that an amendment should be allowed if it alleges only a new theory of recovery which flows from the facts in the original complaint. For example, the Supreme Court has written:

> **relation back [is] ordinarily allowed "when the new claim is based on the same facts as the original pleading and only changes the legal theory."**

*Mayle v. Felix*, 545 U.S. 644, 664 n.7 (2005) (citing 3 J. Moore, et al., Moore's Federal Practice § 15.19[2], p. 15–82 (3d ed.2004)). *See also Arce v. Garcia*, 434 F.3d 1254, 1264 n.24 (11th Cir. 2006**)** ("On the other hand, where the claims brought in an amended complaint are "closely related" to the claims asserted in an original complaint, we have held that the amendment related back to the filing date of the original complaint."); *Iriele v. Griffin*, 65 F.4th 1280, 1287 ("However, if the amended complaint asserts new claims that are 'closely related' to the claims asserted in the original complaint, the amendment relates back to the filing date of the original complaint."); *Outreach for animals, Inc. v. Noah's Ark Rehab. Ctr. & Sanctuary, Inc.*, 2024 U.S. Dist. LEXIS

153180, at *7 (N.D. Ga. May, 9, 2024) (permitting amendment of complaint because "[i] t is clear that the amended complaint is based upon conduct and occurrences that are not only 'closely related,' but virtually identical to the conduct and occurrences set out in the original complaint").

Furthermore, there is no prejudice to any Defendant. Plaintiffs make this application within the time specified in the Court's scheduling Order and agreed to by all parties. No depositions have yet occurred so no Defendant has missed an opportunity to develop facts to defend against the claims. Discovery is still open; Defendants can propound any discovery requests to Plaintiffs regarding these amendments.

Finally, none of these amendments will cause undue disruption and delay in the case since it is so recently filed. *Cf. Pinnacle Adver. & Mktg. Grp.*, 7 F.4th at 1000 (finding no prejudice with an amendment ten (10) days before trial because the party opposing amendment could not articulate what it would have done differently in preparing for trial and its ability to defend itself).

## CONCLUSION

For the reasons above, pursuant to Fed. R. Civ. P. 15(a)(2), this Court should grant Plaintiffs' Motion to Amend their Second Amended Complaint.

Respectfully submitted this 14th day of March, 2025.

               MURELL LAW FIRM, LLC

               */s/ Christopher J. Murell*
               Christopher J. Murell
               Georgia Bar Number: 195116; Louisiana Bar Number 32075
               Meghan K. Matt*
               Louisiana Bar Number: 39975
               MURELL LAW FIRM
               2831 St. Claude Avenue
               New Orleans, Louisiana 70117
               (504) 717-1297: Christopher
               (225) 413-0463: Meghan
               (504) 233-6691 Facsimile

chris@murell.law
meghan@murell.law
*Admitted pro hac vice

WILLIAM R. CLAIBORNE
Georgia Bar Number: 126363
DAVID J. UTTER
Georgia Bar Number: 723144
410 East Bay Street
Savannah, Georgia 31401
(912) 236-9559 Telephone
(912) 236-1884 Facsimile
will@claibornefirm.com
david@claibornefirm.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all counsel of record and filed electronically with the Clerk of Court's CM/ECF system.

Respectfully submitted this 14rd day of March, 2025.

*/s/ Christopher J. Murell*
Christopher J. Murell